**STATE of Delaware, Plaintiff Below,
Appellant,**

**v.**

**Gary HONIE and Willie James Williams,
Defendants Below, Appellees.**

Supreme Court of Delaware.

Sept. 7, 1973.

H. Murray Sawyer, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellant.

Peter M. Sieglaff of Potter, Anderson & Corroon, Wilmington, for Gary Honie, defendant below, appellee.

Bertram S. Halberstadt of Connolly, Bove & Lodge, Wilmington, for Willie James Williams, defendant below, appellee.

Before HERRMANN, C. J., and CAREY and DUFFY, JJ.

HERRMANN, Chief Justice.

This appeal raises the question of whether the offense of possession of a "deadly firearm", under the 1968 Felon's Firearm

Possession Act (11 Del.C. § 468A),[1] merges with the felony in the commission of which the firearm was used.

## I.

Counts I through V of the indictment charge the defendants jointly with murder and robbery of one victim and assault with intent to murder and robbery of another victim. In each, the use of a gun was alleged. Counts VI through XV charge each of the defendants with possession of the deadly firearm during the commission of the felonies covered by the earlier counts.

In response to a pre-trial motion, the Superior Court held that Counts VI through XV merged into Counts I through V for the reason that possession of the firearm was a "necessary ingredient" of the principal crimes, citing Watts v. State, 3 Md. App. 454, 240 A.2d 317 (1968); and, thereupon, the Superior Court dismissed Counts VI through XV. The State appeals under 10 Del.C. § 9902.[2]

## II.

We must disagree with the ruling of the Superior Court. In effect, it emasculates the clear mandate of the Felon's Firearm Possession Act with its intentionally heavy penalties.

█ The doctrine of merger of offenses, circumscribed by rules ancient and modern, is inapplicable here. There is the common law rule that if the same criminal act resulted in both a misdemeanor and a felony, the misdemeanor merges into the felony. 1 Wharton's Criminal Law § 39, pp. 53–54 (12th Ed.); 21 Am.Jur.2d "Criminal Law" § 9. A corollary of that rule is that a felony does not merge into a felony. E. g., Purdom v. United States (10 Cir.) 249 F.2d 822, 826 (1957); State v. Andrews, 108 Conn. 209, 142 A. 840 (1928); People v. Hill, 345 Ill. 103, 177 N.E. 723 (1931). The so-called "modern" test of whether one criminal offense merges into another, felony and misdemeanor labels aside, is whether one necessarily involves the other, whether one is an "integral part" of the other. 22 C.J.S. Criminal Law § 10, p. 44.

█ Without intending to lay down a uniform merger rule for all cases, we hold that in the operation of the Felon's Firearm Possession Act, the doctrine of merger

---

1. 11 Del.C. § 468A provided in pertinent part:
"§ 468A. Possession of a deadly firearm during commission of a felony
"(a) Any person found to have had in his possession during the commission of a felony within this State any shotgun, rifle, pistol, revolver, zip gun, or other firearm or weapon capable of firing a missile or projectile with sufficient force to cause death or serious bodily injury shall be guilty of a felony and shall be imprisoned not less than 5 years nor more than 30 years and fined as the court in its discretion may prescribe.
"(b) The minimum sentence of imprisonment required by subsection (a) of this section shall not be subject to suspension and no person convicted under this section shall be eligible for probation or parole during the first 5 years of his sentence."
This Statute has been repealed and superseded by 11 Del.C. § 1447 of the new Criminal Code which provides:
"§ 1447. Possession of a deadly weapon during commission of a felony.
"(a) A person who is in possession of a deadly weapon during the commission of a felony is guilty of possession of a deadly weapon during commission of a felony.
"Possession of a deadly weapon during commission of a felony is a class B felony.
"(b) The minimum sentence of imprisonment required by subsection (a) of this section and § 4205 of this title, shall not be subject to suspension and no person convicted under this section shall be eligible for probation or parole during the first 5 years of this sentence."

2. 10 Del.C. § 9902 provides:
"§ 9902. Appeal as of right
"The State shall have an absolute right to appeal to an appellate court a final order of a lower court where the order constitutes a dismissal of an indictment or information or any count thereof, or the granting of any motion vacating any verdict or judgment of conviction where the order of the lower court is based upon the invalidity or construction of the statute upon which the indictment or information is founded or the lack of jurisdiction of the lower court over the person or subject matter."

of offenses may not be applied pre-trial for two reasons: first, because such pre-trial ruling, before the facts and the principal crimes are established, is made *in vacuuo,* and is premature; secondly, because the principal offenses and the weapon offenses here alleged are separate, clear, and unambiguous statutory offenses, notwithstanding that they arose from the same transactions. Compare Samuels v. State, Del.Supr., 253 A.2d 201, 204 (1969). There is nothing anywhere in the pertinent Statutes to suggest that one statutory offense was intended to be deprived of its status as the basis for prosecution by reason of its relationship to another offense. Indeed, the clear purpose and intent of the Felon's Firearm Possession Act is to the contrary.

■■ Merger of *offenses* is not, in our opinion, the focal point for viewing the interrelationship of a violation of the Felon's Firearm Possession Act and the commission of the felony itself. Merger of *sentences* is the focal point—this because double punishment for substantially the same offense is impermissible in the eyes of the law.

In Hardy v. United States, 8th Cir., 292 F.2d 192 (1961), the Court held that unlawful entry of a bank with intent to commit larceny and the consummated larceny therein did not merge so as to lose their separate identities as statutory offenses, although they were close enough so that only one sentence might be imposed. The Court stated: (292 F.2d at 194)

"* * * [T]he incidents of entering a bank with intent to commit larceny and of engaging in larceny therein are violations of two distinct statutory provisions; * * * there is nothing in the language or operability of these provisions to suggest that either incident, where both have been present in a situation, was intended to be deprived of its . . . status as a basis for making violative charges; but * * * in respect to the imposing of punishment on them, they are so related in their nature and object that, * * * sentence may be meted out on only one of them, within the choice which the trial court deems appropriate in the circumstances."

See also Moore v. United States, 6th Cir., 454 F.2d 286 (1972) and United States v. Lawrenson, 4th Cir., 298 F.2d 880 (1962), holding that merger, if any, was of sentences, not offenses.

In People v. Jurado, 25 Cal.App.3rd 1027, 102 Cal.Rptr. 498 (1972), the defendant was convicted of burglary involving the use of a deadly weapon and also of the separate offense of being armed with a deadly weapon at the time of the burglary. The Court reversed the sentence imposed for the latter offense, stating:

"Several recent decisions establish the modern rule that a defendant may not be punished both for possession of a weapon and for another offense in which the weapon is used, where the evidence does not show possession for any other purpose."

Insofar as Watts v. State, 3 Md.App. 454, 240 A.2d 317 (1968) and State v. Jones, 94 N.J.Super. 137, 227 A.2d 145 (1967) are at variance with the conclusion we reach here, we find those cases unpersuasive; the statutory schemes are distinguishable in each.

The rule of merger of sentences, rather than merger of offenses, appeals to reason and preserves the integrity of the Felon's Firearm Possession Act. It is not based upon increasingly meaningless labels attached to types of offenses; and it gives the sentencing court maximum flexibility in reaching as just a result as may be possible under all of the circumstances.[3] In

3. For example, in the instant case, a sentence upon a principal offense, in which parole is possible before the expiration of the sentence on the weapons offense, would merge into, and be made to run concurrently with, the weapons sentence as to which parole is not possible. If the sentence for the principal offense exceeds the sentence for the weapons

accordance with that rule, we must disapprove the action of the Superior Court in dismissing the firearm possession offenses as merged into the principal offenses.

### III.

 It is contended by the defendants that, in any event, each defendant may be charged with but one violation of the Felon's Firearm Possession Act; that it would be manifestly unjust and contrary to legislative intent, in a multiple felony case as here, to convict and sentence for multiple possession of a single weapon.

It is beyond the judicial power to relieve the harshness of the total penalties visualized by the defendants. If the defendants are convicted of several different felonies, during each of which they were in possession of a deadly firearm, they must face the statutory consequence of a firearm conviction for each principal felony. The severe penalties prescribed by the General Assembly for possessing a deadly firearm during the commission of a felony manifest a deliberately forceful attack upon this social evil [4] and a commendable attempt at crime-connected gun control. If the application of § 468A (or its successor § 1447) leads to excessively harsh results, it is for the Board of Pardons to take appropriate action and for the General Assembly to review its express prohibition against suspension of sentence, probation, and parole in such cases.

\* \* \*

The judgment below is reversed and the cause remanded for further proceedings consistent herewith.

---

offense, the latter would merge into, and be made to run concurrently with, the former. If the sentence for the principal offense is less than the sentence for the weapons offense, the former would merge into, and be made to run concurrently with, the latter. Any inequities in sentencing, not remediable by the courts or the correctional system by reason of the statutory restrictions against probation and parole, must be left to the Board of Pardons.

4. It has been called one of the most severe measures in the country. See Commentary, Delaware Criminal Code, 11 Del.C. § 1447, pp. 466–467.