**Marilyn DOBROLENSKI, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Argued Sept. 9, 1974.
Decided Oct. 21, 1974.

Paul M. Lukoff, Asst. Public Defender, Wilmington, for defendant below, appellant.

Charles P. Brandt, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, DUFFY, Associate Justice, and MARVEL, Vice Chancellor.

HERRMANN, Chief Justice:

The defendant appeals from her conviction upon charges of robbery (11 Del.C. § 811), possession of a deadly firearm during the commission of that felony (11 Del.C. § 468A),[1] and conspiracy.

The defendant appeals on three grounds:

(1) That the defendant's incriminating statements made to the police were involuntary and, thus, erroneously admitted into evidence.

We find no reversible error in the Superior Court's finding of voluntariness under the facts and circumstances of this case.

(2) That the Trial Court erred in admitting into evidence testimony concerning out-of-court identifications of the defendant by the victim of the robbery, and in allowing the victim to make an in-court identification.

1. The offense was committed prior to the superseding "deadly weapon" Statute, 11 Del.C. § 1447.

We find no reversible error in the Trial Court's ruling in these respects.

(3) That the Trial Court erred in that the sentence of ten years imprisonment imposed on the firearm-possession charge was made to run consecutively with the sentence of 20 years imprisonment imposed for the robbery.

This contention is based upon State v. Honie and Williams, Del.Supr., 310 A.2d 872 (1973). There, this Court approved the rule of merger of sentences in the application of the provisions of the Felon's Firearm Possession Act (11 Del.C. § 468A). We stated that the rule "gives the sentencing Court maximum flexibility in reaching as just a result as may be possible under all of the circumstances" (310 A.2d at 874), and appended the following footnote:

> "For example, in the instant case, a sentence upon a principal offense, in which parole is possible before the expiration of the sentence on the weapons offense, would merge into, and be made to run concurrently with, the weapons sentence as to which parole is not possible. If the sentence for the principal offense exceeds the sentence for the weapons offense, the latter would merge into, and be made to run concurrently with, the former. If the sentence for the principal offense is less than the sentence for the weapons offense, the former would merge into, and be made to run concurrently with, the latter. Any inequities in sentencing, not remediable by the courts or the correctional system by

> reason of the statutory restrictions against probation and parole, must be left to the Board of Pardons." (n. 3, 310 A.2d at 874)

The defendant argues that the language of the footnote is mandatory, making concurrent sentencing mandatory and consecutive sentencing error, under the circumstances of the instant case. The defendant's reliance upon the footnote is misplaced. The dictum there set forth is not to be taken as mandatory language, although it may be read as such. The language of the footnote is to be read (1) as examples of discretionary actions available to the sentencing judge in the exercise of the flexibility in sentencing endorsed by the decision; and (2) as encouragement toward merging of sentences to avoid double punishment for substantially the same offense.

■ In summary, following *Honie*, the robbery charge and the firearm-possession charge must be deemed separate offenses calling for separate sentences;[2] in his discretion, however, the sentencing judge could have ordered that the sentences be merged to run concurrently, the mandatory provisions of § 468A notwithstanding, in order to avoid double punishment for substantially the same offense.

Accordingly, we find no error in the consecutive sentence imposed in the instant case.

Affirmed.

2. At trial, in order to fulfill the requirements of § 468A, the State offered evidence that the weapon in question was "capable of firing a missile or projectile with sufficient force to cause death or serious bodily harm."