**Adekunle ISIJOLA, Appellant, Defendant below,**

v.

**STATE of Delaware, Appellee, Plaintiff below.**

Supreme Court of Delaware.

Argued May 12, 1975.

Decided June 23, 1975.

Arlen B. Mekler, Asst. Public Defender, Wilmington, for appellant, defendant below.

David H. Erisman, Deputy Atty. Gen., Wilmington, for appellee, plaintiff below.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

*PER CURIAM*:

This is an appeal from the Superior Court's denial of defendant's motion for a new trial based on ineffective assistance of counsel. Defendant contends that pre-trial hostility on the part of his attorney and simultaneous representation at trial of a codefendant having irreconcilable and conflicting positions, constituted ineffective assistance of counsel, per se:

An evidentiary hearing was held in the Superior Court on defendant's motion. ·There was correspondence supporting the defendant's contentions that there was a strong feeling of hostility on the part of his attorney due to non-payment of attorney's fees, and that his attorney had advised him of potential conflicts of interest between the two defendants. On the other hand, defendant does not contend, nor is there anything in the record to indicate, open hostility during trial, any lack of preparation by the attorney either for pretrial or trial matters, any failure to confer with the defendant or to advise him of his rights, any failure to investigate the facts and law, or any failure to develop a defense during the three-day trial. See *Coles v. Peyton*, 4th Cir., 389 F.2d 224 (1968).

Joint representation of co-defendants does not, per se, amount to a denial of effective assistance of counsel. *United States ex rel. Small v. Rundle*, 3rd Cir., 442 F.2d 235 (1971). In this case both defendants either in pre-trial matters orstand on their own behalf after being advised of their rights and the advantages

and disadvantages of so doing. No resulting prejudice is claimed, nor does the record reflect any other prejudice to defendant of counsel's representation of the co-defendants either in pre-trial matters or during the actual trial.

 Nor does hostility arising from fee problems, per se, establish lack of "effective counsel". The test in Delaware for constitutionally mandated competence of trial counsel is: "Whether under all the circumstances of the particular case, trial counsel was so incompetent that the accused was not afforded genuine and effective representation", *Harris v. State*, Del. Supr., 293 A.2d 291, 293 (1972). Unless the Trial Court's findings on an evidentiary hearing as here are clearly wrong, and justice requires, they will not be disturbed. *Levitt v. Bouvier*, Del.Supr., 287 A.2d 671 (1973). On this record we find no error.

In affirming the Trial Court's decision we do not infer that we condone or approve trial counsel's conduct in his attorney-client relationship with this defendant.

Affirmed.