Joseph K. MACKIE, Defendant below, Appellant,

v.

STATE of Delaware, Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted Oct. 11, 1977.

Decided Feb. 23, 1978.

*Lumber and Supply Co. v. Hagan*, Del.Supr., 382 A.2d 250 (1978).

commission of a felony. 11 *Del.C.* § 1447. The defendant was also convicted of attempted assault in the first degree, resisting arrest, and reckless endangering in the first degree, but did not appeal therefrom.

The defendant was involved in a street fracas. A police officer intervened and engaged in a struggle with the defendant, during which, after the officer struck the defendant with his searchlight, the defendant reached into the officer's holster, pulled out his service revolver and fired it twice. Neither the officer nor anyone else was hit and the defendant was immediately disarmed.

## I.

The defendant contends that the defendant's brief holding of the weapon was not "possession" within the meaning of § 1447.

We find no merit in this contention. The defendant was in actual possession and control of the weapon at the moment of its firing by him. The tenure of such possession and control is not the governing factor for application of § 1447, nor is dominion or authority. See *Mack v. State,* Del.Supr., 312 A.2d 319, 321 (1973).

## II.

The defendant contends that, under the facts of this case, the weapon-possession charge merged with the assault or reckless endangering charge. The defendant cites the statement in *State v. Honie,* Del.Supr., 310 A.2d 872, 873 (1973) that the "so-called 'modern' test of whether one criminal offense merges into another * * * is whether one necessarily involves the other, whether one is an 'integral part' of the other." The defendant argues that when the weapon-possession involved "is only that bare minimum necessary to perform the act which constitutes the felony, as here, there is a merger, and the possession charge, involving the ancillary or dependent offense, merges into the felony and disappears."

John M. Bader of Bader, Dorsey & Kreshtool, Wilmington, for defendant below, appellant.

Eugene M. Hall, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

This is an appeal from a conviction of possession of a deadly weapon during the

The defendant may find no support in *Honie* for his merger contention. There, this Court held that a violation of the Felon's Firearm Possession Act (§ 1447) is a "separate, clear and unambiguous offense" and that merger of sentences and not merger of offenses is the focal point under the Act. See *Dobrolenski v. State,* Del.Supr., 328 A.2d 447 (1974). It is apparent that the sentencing Judge here complied with the *Honie* rule.[1]

Moreover, since *Honie* and *Dobrolenski,* new provisions of 11 *Del.C.* § 206[2] have taken effect and apply in this case; but they do not change the result.

We find ambiguity in the first sentence of § 206(b) when read in relation to § 206(a). In order to remove the ambiguity and give meaning and purpose to § 206 taken as a whole, we think the first sentence of § 206(b) must be read as follows: "A defendant may be convicted of an offense *not charged in the indictment or information if* included in an offense charged in the indictment or information." As so construed and applied in the instant case, § 206(a)(1) may have barred a separate conviction on the weapon-possession offense if it had not been separately charged in the indictment; but since the

weapon-possession offense was separately charged in this indictment, a separate conviction thereupon is not barred by § 206 and a separate sentence thereupon is proper under *Honie.* Compare *Bremer v. State,* Md.App., 18 Md.App. 291, 307 A.2d 503 (1973); *Comm. ex rel. Curry v. Myers,* Pa.Super., 195 Pa.Super. 480, 171 A.2d 792 (1961); *United States v. Busic,* 3 Cir. (Jan. 5, 1978).

Affirmed.

---

1. The sentence was 5 years on the weapon-possession charge; 7 years on the assault charge, to commence upon the expiration of the 5 years, with probation after 3 years; and suspended sentences and probation on all other charges.

2. 11 *Del.C.* § 206 provides:

"206. Method of prosecution when conduct constitutes more than 1 offense.

"(a) When the same conduct of a defendant may establish the commission of more than 1 offense, the defendant may be prosecuted for each offense. The defendant's liability for more than 1 offense may be considered by the jury whenever the State's case against him for each offense is established in accordance with the provisions of § 301 of this Criminal Code. He may not, however, be convicted of more than 1 offense if:

"(1) One offense is included in the other, as defined in subsection (b) of this section; or

"(2) One offense consists only of an attempt to commit the other; or

"(3) Inconsistent findings of fact are required to establish the commission of the offenses.

"(b) A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when:

"(1) It is established by the proof of the same or less than all the facts required to establish the commission of the offense charged; or

"(2) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

"(3) It involves the same result but differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

"(c) The court is not obligated to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."