Jack W. FLETCHER, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted July 13, 1981.

Decided Aug. 20, 1981.

————

Richard E. Fairbanks, Jr., Asst. Public Defender (argued), Wilmington, for defendant below, appellant.

Eugene M. Hall, Deputy Atty. Gen. (argued), Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., McNEILLY and HORSEY, JJ.

PER CURIAM:

The defendant was indicted, *inter alia*, on 10 counts of robbery in the first degree (11 *Del.C.* § 832) and possession of a deadly weapon during the commission of those felonies. (11 *Del.C.* § 1447).

Pursuant to a plea agreement, in which the defendant's counsel was involved, the defendant entered a plea of guilty to two charges of robbery in the first degree and an unrelated charge of possession of a deadly weapon during the commission of another of the robberies charged. In connection with the plea, the State entered a *nolle prosequi* on the remaining charges, including the charge of robbery in the first degree which was the underlying charge to the weapon count to which he pled guilty. The defendant was ultimately sentenced to a 5-year minimum mandatory prison sentence on the weapon count and consecutive 25-year sentences of imprisonment on the two unrelated robbery counts, the latter to run consecutively to the sentence on the weapon count.

The defendant appeals the denial of his post-conviction motion to correct the 5-year sentence on the deadly-weapon charge on the ground that, under *Davis v. State*, Del. Supr., 400 A.2d 292 (1979), the conviction and sentence upon the deadly-weapon charge alone may not stand, the related felony having been *nolle prossed*. The defendant contends that this Court should modify the defendant's conviction and direct the Trial Court to enter a judgment of conviction upon the underlying robbery which was *nolle prossed*, citing *Herhal v. State*, Del.Supr., 243 A.2d 703 (1968), *Dalton v. State*, Del.Supr., 252 A.2d 104 (1969); and analogous cases.

The defendant would have us extend *Davis* too far. Nothing therein contained is intended to prevent the conviction and sentence of the defendant upon the offense of felony-possession of a deadly weapon to which he entered a guilty plea, the underly-

ing robbery charge having been *nolle prossed*.[1] The *Herhal* case and analogous cases are inapposite.

It is held that *Davis* does not divest the State of the discretion to prosecute the weapon offense in lieu of the *nolle prossed*, underlying robbery offense. Compare *United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979).

Affirmed.

1. Compare *Hunter v. State*, Del.Supr., 420 A.2d 119, 125 (1980), and *Hunter v. State*, Del.Supr., 430 A.2d 476 (1981).