STATE of Delaware, Plaintiff,

v.

William J. LeCOMPTE, Defendant.

Supreme Court of Delaware.

Submitted: Nov. 17, 1987.
Decided: Feb. 18, 1988.

Richard E. Fairbanks, Jr., Chief of Appeals Div., Dept. of Justice, Wilmington, for plaintiff.

Nancy Jane Perillo, Asst. Public Defender, Office of the Public Defender, Wilmington, for defendant.

Before CHRISTIE, C.J., MOORE and WALSH, JJ.

PER CURIAM:

This appeal arises from a Superior Court certification of the question whether this Court's decision in *LeCompte v. State*, Del. Supr., 516 A.2d 898 (1986), which expressly overruled *Davis v. State*, Del.Supr., 400 A.2d 292 (1979), should be applied retroactively. We accepted certification of the issue, and conclude, after briefing and oral argument, that *LeCompte* should not be given retroactive effect.

In *LeCompte* this Court, by majority opinion, determined that a defendant may be separately sentenced for robbery first degree under 11 *Del.C.* § 832(a)(2), and possession of a deadly weapon during the commission of that robbery under 11 *Del.C.* § 1447. *LeCompte*, 516 A.2d 898. That ruling was contrary to the result in *Davis v. State*, and the latter was expressly overruled. *Id.* at 903. LeCompte had been sentenced under the authority of an earlier unreported decision of this Court, which appeared to disavow the *Davis* rationale.[1] The question whether he could be sentenced separately for a robbery and weapons offense, prior to the express overruling of *Davis*, was raised by his counsel in a motion for reargument. Because the issue of retroactivity had not been raised, but should have been anticipated as a natural implication of overruling *Davis*, we declined to consider the question on reargument but permitted a remand to allow the defendant to raise the retroactivity question upon resentencing. This certification followed.

The defendant argues that retroactive application of *LeCompte* would be violative of his due process rights, since the effect would be to impose a greater penalty for the offense of armed robbery with a deadly weapon than was in effect under *Davis*. The defendant also contends that the result in *LeCompte* was not foreseeable. While the State agrees that a judicial decision, which has the effect of broadening a criminal statute, may offend the due process clause of the United States Constitution, the State argues that *LeCompte* did not unforeseeably enlarge existing law, and its retroactive reach is thus permissible.

In *Johnson v. State*, Del.Supr., 472 A.2d 1311 (1983), this Court adopted a dual-faceted analysis for determining "ex post facto-like" limitations on judicial rulings: (1) whether the ruling aggravates the crime and (2) whether the ruling was "unforeseeable." *Id.* at 1314 (citing *Bouie v. City of Columbia*, 378 U.S. 347, 353, 84 S.Ct. 1697, 1702, 12 L.Ed.2d 894 (1964)). In *Johnson* the "ex post facto-like" effect of judicial rulings was construed to apply not only to a change in the elements of the offense but enhancement of punishment as well. *Id.* at 1315; *see also State v. Dickerson*, Del. Supr., 298 A.2d 761, 768 (1973). The critical issue before us is whether the punishment enhancement result of *LeCompte* was unforeseeable.

The State argues that the ruling in *LeCompte* was not only foreseeable but fairly anticipated by lawyers and judges because of the post-*Davis* development of federal double jeopardy concepts in other felony weapon cases. *See Hunter v. State*, Del. Supr., 420 A.2d 119 (1980), *vacated and remanded*, 450 U.S. 991, 101 S.Ct. 1689, 68 L.Ed.2d 190 (1981), *aff'd on remand*, Del. Supr., 430 A.2d 476 (1981), *cert. denied*, 454 U.S. 971, 102 S.Ct. 519, 70 L.Ed.2d 390 (1981). Thus, it is argued, the constitutional underpinnings of *Davis* had eroded long before *LeCompte*, and certainly by the date of *Kelly*.

No person may avoid responsibility for their acts by a claim of ignorance of the law. The *Kelly* decision was a clear sign that *Davis* would be reconsidered, if not overruled. Likewise *Hunter*, which held that a person may be convicted of both assault and possession of a weapon during

---

1. In *Kelly v. State*, Del.Supr., 497 A.2d 788 (1985), reargument *en banc* denied, Del., Moore, J. (July 30, 1985) this Court, in affirming the separate conviction and sentencing of a defendant charged with first degree robbery and a companion weapons offense, rejected the contention that *Davis v. State* precluded multiple sentencing. The Superior Court apparently relied upon the holding in *Kelly* in imposing separate sentences on LeCompte.

the commission of a felony, should also have provided guidance by analogy. Thus, from the standpoint of the technicalities of notice, the defendant was on notice that the law would change.

But that does not end the matter. LeCompte committed his crimes on September 20, 1984. This was after the trial, but before the appeal of *Kelly*. Furthermore, *Kelly* relied upon *Thomas v. State*, Del. Supr., 467 A.2d 954 (1983), a case which was inadvertently inconsistent with *Davis*. Thus, although the defendant was technically on notice that the law was changing, the relative foreseeability of the change was diminished by the timing and the character of the *Kelly* decision. Because of these very unique circumstances, the retroactive application of *LeCompte* would not meet the concept of fairness which due process embraces under *Bouie v. City of Columbia* and *Johnson v. State*. Accordingly, we consider it inappropriate to give *LeCompte* retroactive effect. The certified question, therefore, is answered in the negative.