Donald J. BOYER, Petitioner Below, Appellant,

v.

STATE of Delaware, Respondent Below, Appellee.

Supreme Court of Delaware.

Submitted: June 6, 1989.
Decided: July 18, 1989.

Donald J. Boyer, Smyrna, pro se.

Loren C. Meyers, Deputy Atty. Gen., Wilmington, for appellee.

Before HORSEY, MOORE, and HOLLAND, JJ.

PER CURIAM:

Donald J. Boyer ("Boyer") appeals from an order of Superior Court denying his application for postconviction relief. Following jury trial in Superior Court, Boyer was convicted of attempted first degree murder, first degree robbery, first degree burglary, second degree conspiracy, first degree reckless endangering, possession of a deadly weapon during the commission of a felony, and possession of a deadly weapon by a person prohibited. On direct appeal, this Court affirmed. *Boyer v. State,* Del.Supr., 436 A.2d 1118 (1981). Boyer has previously applied for postconviction relief in the Federal Court and in Superior Court and has been denied each time. *Boyer v. Redman,* D.Del., 553 F.Supp. 219 (1982); *State v. Boyer,* Del.Super., Cr.A. Nos. IN–80–01–0250, et seq., Balick, J., 1987 WL

10282 (Apr. 23, 1987) (Order); *Boyer v. State,* Del.Super., Cr.A. Nos. IN–80–01–0250, et seq., Balick, J. (June 27, 1984) (Order).

In Boyer's most recent application, filed after Rule 61 replaced Rule 35, he challenges his convictions and sentences for first degree robbery and both weapons offenses. Relying on *Davis v. State,* Del. Supr., 400 A.2d 292 (1979), Boyer argued that he could not be convicted and sentenced for robbery as well as the two weapons offenses when they arose from the same transaction. Applying Rule 61(d)(4), Superior Court denied Boyer's motion as time-barred under subdivision (i)(1) of Rule 61. However, Superior Court also addressed Boyer's claims on the merits and found *Davis* inapplicable because Boyer's underlying offense was attempted first degree murder, not robbery and the related weapons offense. Possession of a weapon by a person prohibited was also not an issue in *Davis.* We affirm.

█ Superior Court correctly ruled that Boyer's latest, his third state court, postconviction relief application was time-barred by the three-year limitation of Superior Court Criminal Rule 61(i)(1). Boyer's current motion, having been filed on January 12, 1989, was controlled by both the substantive provisions of Rule 61 and the time limitations of subdivision (i)(1). *See* Super.Ct.Crim.R. 61, revisor's note. Since his latest motion was filed over seven years after his convictions had become final, the pending motion was, on its face, time-barred by Rule 61(i)(1).

█ Boyer also asserts on appeal a claim that the time limitations of Rule 61 deny him "due process" by depriving him of a "right" to indefinitely pursue postconviction relief applications which Rule 35 had conferred upon him. Since this contention was apparently not presented to Superior Court, it need not be considered for the first time on appeal. Supreme Court Rule 8. However, even if the argument is addressed on the merits, it fails. The due process clause does not preclude a state from adopting a time limitation on a previous remedy if the limiting provision pro-

vides a reasonable time within which to invoke the remedy before the time bar becomes effective. *E.g. Texaco, Inc. v. Short*, 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 791 n. 21, 70 L.Ed.2d 738 (1982); *Wilson v. Iseminger*, 185 U.S. 55, 62–63, 22 S.Ct. 573, 575–76, 46 L.Ed. 804 (1902); *Cranston v. New Process Fibre Co.*, 45 Del. 368, 74 A.2d 818 (1950). *Cf. Diggs v. United States*, 3rd Cir., 740 F.2d 239, 247–50 (1984) (limitations period in amended Fed.R.Crim.Proc. 35(b) not unconstitutional).

 Superior Court's order promulgating Rule 61, adopted September 17, 1987, provided that the order would not become effective until January 1, 1988. Further, the time limitation of Rule 61 contained in subdivision (i)(1) did not become effective until one year later, January 1, 1989. Thus, there was a period of fifteen months within which Boyer could have asserted the pending claim and avoided the three-year time bar. Moreover, the three-year time limitation of Rule 61(i)(1), rather than being an absolute or unconditional bar to relief, may be avoided, as explicitly provided under subparagraphs (1), (2), (3), (4), and (5) of Rule 61(i). However, Boyer has also failed to avail himself of any of those available avenues for relief from the three-year time bar. Thus, his claim that due process has been denied him must be rejected.

 Boyer's attack on the merits of Superior Court's ruling also fails. Boyer argues that principles of double jeopardy required Superior Court to merge, for purposes of sentencing, his conviction of possession of a deadly weapon with his conviction of the underlying felony of attempted murder. His dual argument of legislative intent prohibiting consecutive sentences, based primarily on *Davis*, and of constitutional prohibition was properly rejected by Superior Court's reasoning that *Davis*, being premised on robbery one, is inapposite. However, it is also foreclosed by this Court's decision overruling *Davis* in *LeCompte v. State*, Del.Supr., 516 A.2d 898, 902–904 (1986).

 There is clearly no merit to Boyer's claim of discrimination or denial of equal protection for Superior Court not to vacate Boyer's weapons offense conviction when the court did so in an unrelated case. As this Court has previously stated, "the equal protection clause does not require uniformity of judicial decisions." *Moyer v. State*, Del.Supr., 452 A.2d 948, 950 (1982); *Beck v. Washington*, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962).

\* \* \*

AFFIRMED.