IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMIR FATIR a/k/a STERLING HOBBS, | § § § | No. 332, 2015 |
| Defendant Below- Appellant, | § § § | |
| v. | § § | Court Below—Superior Court of the State of Delaware, |
| STATE OF DELAWARE, | § § § | in and for New Castle County Cr. ID 75060892DI |
| Plaintiff Below- Appellee. | § § | |

Submitted: August 31, 2015
Decided: September 2, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

# **O R D E R**

This 2nd day of September 2015, upon consideration of the opening brief and the State's motion to remand for correction of sentence,[1] it appears to the Court that:

(1) In 1976, a Superior Court jury convicted the appellant, Amir Fatir, of Murder in the First Degree, Robbery in the First Degree, Conspiracy in the Second Degree, and Possession of a Deadly Weapon during the Commission of a Felony ("PDWCF"). The Superior Court

---

[1] Fatir did not file a response to the State's motion. Thus, we deem the motion to be unopposed.

sentenced Fatir to death. The death sentence ultimately was vacated, and Fatir was resentenced to life imprisonment on his murder conviction.[2]

(2) In 2014, Fatir sought reconsideration of a motion for correction of sentence that he had filed in 1979 (which was not opposed by the State) but was never addressed by the Superior Court. The gist of Fatir's argument on appeal is that, under the law as it existed at the time of his sentencing, his sentences for both robbery and PDWCF are illegal.

(3) In response to Fatir's opening brief, the State filed a motion to remand, conceding error in this case. The State points out that under this Court's 1979 decision in *Davis v. State*,[3] a defendant could not be sentenced for both first degree robbery and PDWCF. The ruling in *Davis* was still good law when Fatir was resentenced in July 1980. Although *Davis* was overruled in *LeCompte v. State (LeCompte 1)*,[4] this Court held in a later decision, *LeCompte v. State (LeCompte II)*, that *LeCompte I* should not be given retroactive effect. In light of *LeCompte II*, the State requests that this appeal be remanded to the Superior Court to vacate Fatir's sentence for PDWCF.

---

[2] *See State v. Spence*, 367 A.2d 983 (Del. 1976) (finding Delaware's death penalty scheme unconstitutional and ordering the imposition of life sentences without parole for nine death row defendants, including Fatir).
[3] 400 A.2d 292 (Del. 1979).
[4] 516 A.2d 898 (Del. 1986).

2

(4)     After careful consideration, the Court agrees that the holding of *Davis*, which was the law in effect at the time of Fatir's sentencing, should be applied in this case.  Thus, this matter must be remanded to the Superior Court with directions to vacate Fatir's 30-year sentence for PDWCF.  All other provisions of Fatir's sentence shall remain intact.

NOW, THEREFORE, IT IS HEREBY ORDERED that this appeal is REMANDED to the Superior Court for correction of Fatir's sentence consistent with this Order.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice