IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH WALLS, | § | |
| | § | No. 300, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 86001399DI, |
| STATE OF DELAWARE, | § | 86013001DI |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 13, 2017
Decided: March 10, 2017

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 10th day of March 2017, upon consideration of the parties' briefs[1] and the record below, it appears to the Court that:

(1)     The appellant, Joseph Walls, filed this appeal from the Superior Court's denial of his motion for time served and for credits, motion for medical

---

[1] The Court has not considered the appellant's supplemental brief, filed on January 19, 2017, that was submitted after his reply brief and after submission of this case for decision. Contrary to the appellant's contentions, the supplemental brief does not identify pertinent cases decided after his reply brief or submission of this case for decision. *See* Supr. Ct. R. 15(a)(vi) (providing the Court will not consider other briefs or writings, but allowing party to identify pertinent cases decided after the filing of the party's final brief or after submission of the case for decision). As to the appellant's letter, filed on January 13, 2017, the Court has considered the case (*Powell v. State*, 2016 WL 7243546 (Del. Dec. 15, 2016)) decided after submission of the appellant's reply brief on November 28, 2016.

parole release, and motion for reargument. After careful consideration, we affirm the Superior Court's denial of the motions.

(2) The record reflects that Walls was convicted, in 1986, of multiple charges arising from a home invasion ("Criminal ID No. 86013001DI") and, in 1987, of multiple charges arising from a different home invasion ("Criminal ID No. 86001399DI"). This Court affirmed most of Walls' convictions on direct appeal.[2] Walls is serving a life sentence, with the possibility of parole, plus eighty-nine years in Criminal ID No. 86013001DI and Criminal ID No. 86001399DI.

(3) On April 10, 2015, Walls filed a motion for time served and for credits. Walls argued that the effective date of his sentence in Criminal ID No. 86013001DI should be corrected from May 25, 1987 to January 24, 1986 because he was first incarcerated on January 24, 1986. Walls subsequently requested medical parole release under 11 *Del. C.* § 4346 or 11 *Del. C.* § 4217 for treatment of his post-traumatic stress disorder ("PTSD") at a Veterans Administration Hospital. At the Superior Court's request, the State responded to Walls' motions. In addition to filing multiple replies to the State's response, Walls filed a "memorandum of law supplement to illegal sentence motion" in December 2015 and another supplement in February 2016. Walls added claims that: (i) his

---

[2] *Walls v. State*, 1990 WL 17759 (Del. Feb. 8, 1990) (affirming convictions in Criminal ID No. Criminal ID No. 86001399DI); *Walls v. State*, 560 A.2d 1038, 1052 (Del. 1989) (reversing Walls' Kidnapping in the Second Degree convictions and affirming his remaining convictions in Criminal ID No. 86013001DI).

sentence for Possession of a Deadly Weapon During Commission of a Felony ("PDWCF") in Criminal ID No. 86013001DI was illegal because at the time of his crimes *Davis v. State*[3] prohibited sentences for Robbery in the First Degree and PDWDCF where the underlying felony was Robbery in the First Degree; (ii) he could not be convicted of PDWDCF in Criminal ID No. 86013001DI based on his possession of a baseball bat; and (iii) the State failed to prove all of the elements required for Kidnapping in the First Degree and Kidnapping in the Second Degree in Criminal ID No. 86001399DI.

(4) In a letter dated May 17, 2016, the Superior Court denied Walls' motions. The Superior Court stated that the Department of Correction confirmed Walls did not have any additional credit for time served on Criminal ID No. 86001399DI or Criminal ID No. 86013001DI and the effective date for those sentences was May 25, 1987. As to Walls' request for medical parole, the Superior Court held that it did not have jurisdiction or authority to grant parole. Walls filed a motion for reargument, which the Superior Court denied on June 20, 2016.

(5) This Court reviews the Superior Court's denial of a motion for correction of sentence for abuse of discretion, although questions of law are reviewed *de novo*.[4] As he did below, Walls argues that the effective date of his Criminal ID No. 86013001DI sentence, which was originally effective June 25,

---

[3] 400 A.2d 292, 297 (Del. 1979), *overruled by*, *LeCompte v. State*, 516 A.2d 898 (Del. 1986).
[4] *Weber v. State*, 2015 WL 2329160, at *6 (Del. May 12, 2015).

3

1987 and was later made effective on May 25, 1987 to credit Walls for time he served between May 11, 1987 and June 1, 1987, should be January 24, 1986 because that was when he was originally incarcerated. Walls acknowledges, however, that he was incarcerated on January 24, 1986 for Court of Common Pleas sentences totaling sixty days. Walls also acknowledges that he was sentenced to eighteen months incarceration beginning on June 27, 1986 in Superior Court Criminal ID No. 85004084DI. We take judicial notice that the Superior Court modified the start date of this sentence to April 16, 1986. We also take judicial notice that, on February 13, 1986, the Superior Court sentenced Walls to non-suspended time of sixty days in Criminal ID No. 85003288DI.

(6) In light of the twenty-two months of Level V time he was sentenced to between January 24, 1986 and June 27, 1986, Walls has not shown that he is entitled to any additional credit against his Criminal ID No. 86013001DI sentence for the time he served between January 24, 1986 and May 25, 1987. The Superior Court did not err therefore in denying Walls' motion for credit for time served.

(7) Walls next argues that his sentence for PDWDCF is illegal because, at the time he committed the crimes, *Davis v. State* prohibited sentences for both Robbery in the First Degree and PDWDCF where the underlying felony was

4

Robbery in the First Degree.[5] Walls, however, was charged with PDWDCF based on Assault in the Second Degree, not Robbery in the First Degree.[6] To the extent Walls claims a portion of the PDWDCF jury instructions improperly amended the indictment to make Robbery in the First Degree the underlying felony, he is attacking his PDWDCF conviction. This claim falls outside the narrow scope of Rule 35(a).[7] Rule 61 is the exclusive remedy for a person seeking to set aside their convictions.[8]

(8) Walls next argues he could not be convicted of PDWDCF in Criminal ID No. 860013001DI because a baseball bat is not a deadly weapon and the State failed to prove all of the elements required for Kidnapping in the First Degree and Kidnapping in the Second Degree in Criminal ID No. Criminal ID No. 86001399DI. Although Walls frames these arguments as illegal sentence claims, he is actually challenging his PDWDCF and kidnapping convictions. These claims

---

[5] 400 A.2d 292 at 297 (holding a defendant could not be sentenced for both Attempted Robbery in the First Degree and PDWDCF), *overruled by*, *LeCompte v. State*, 516 A.2d 898 (Del. 1986) (*LeCompte I*). *See also State v. LeCompte*, 538 A.2d 1102, 1105 (Del. 1988) (holding the ruling in *LeCompte I* would not apply retroactively to "unique circumstances" of defendant who committed armed robbery with deadly weapon before case suggesting *LeCompte I* law was changing).

[6] *Cf. Hunter v. State*, 430 A.2d 476, 481 (Del. 1981) (holding defendant could be sentenced for both Assault in the First Degree and PDWDCF).

[7] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (recognizing narrow function of Rule 35(a) is to correct illegal sentence, not to re-examine errors at trial).

[8] Super. Ct. Crim. R. 61(a)(2). We note that Walls has already filed multiple, unsuccessful motions for postconviction relief under Rule 61 and has been warned about filing untimely and repetitive claims. *See, e.g., Walls v. State*, 2016 WL 4191922 (Del. Aug. 1, 2016).

fall outside the narrow scope of Rule 35(a).[9]  Rule 61 is the exclusive remedy for a person seeking to set aside their convictions.[10]

(9)     Finally, Walls claims the Superior Court should have exercised its jurisdiction under the Veterans Treatment Court Program to modify his sentence under 11 *Del. C.* § 4217, recommend the Board of Parole grant him medical parole release under *Del. C.* § 4346, or modify his sentence under its own authority.  This claim is without merit.  First, the Veterans Treatment Program does not accept violent offenders like Walls.[11]

(10)   Second, Walls' motion is untimely.  Under Rule 35(b), a motion for sentence modification filed more than ninety days after sentencing will only be considered in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217.  Section 4217 permits sentence modification if the Department of Correction files an application for good cause shown (such as serious illness) and certifies that the offender does not constitute a substantial risk to the community or himself.  Walls did not establish extraordinary circumstances to overcome the ninety-day time bar and the Department of Correction has not filed an application under Section 4217.

---

[9] *See supra* n. 7.
[10] *See supra* n. 8.
[11] Superior Court of Delaware Veterans Treatment Court Probation and Diversion Program Manual for Kent County and New Castle County at 18, available at *http://courts.delaware.gov/superior/pdf/veterans_court_manual_2014.pdf*.

The Superior Court also correctly recognized that it could not grant Walls parole.[12] The Superior Court did not err therefore in denying Walls' motion for medical parole release. We also conclude that the Superior Court did not err in denying Walls' motion for reargument.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[12] 11 *Del. C.* § 4343(1) (providing the Board of Parole is "the paroling authority for the State").