**Walter EVANS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Aug. 21, 1980.

Decided Sept. 8, 1980.

Morton Richard Kimmel and Michael Weiss (argued), of Kimmel & Spiller, P. A., Wilmington, for defendant–appellant.

Charles M. Oberly, III, (argued) Asst. State's Prosecutor and Gary C. Linarducci, Deputy Atty. Gen., Wilmington, for plaintiff–appellee.

Before HERRMANN, C. J., DUFFY, McNEILLY, QUILLEN and HORSEY, JJ., Court en Banc.

HERRMANN, Chief Justice (for the majority):

The defendant was convicted of (1) Manslaughter upon William Stephens (under 11 Del.C. § 632)[1] and the related Possession of

---

1. 11 Del.C. § 632 provides in pertinent part:

"§ 632. Manslaughter; class B felony.

"A person is guilty of manslaughter when:

   "(1) He recklessly causes the death of another person; or

   "(2) With intent to cause serious physical injury to another person he causes the death of such person, employing means which would to a reasonable man in the defendant's situation, knowing the facts known to him, seem likely to cause death; or

   "(3) He intentionally causes the death of another person under circumstances which do not constitute murder because he acts under the influence of extreme emotional disturbance; * * *."

a Deadly Weapon during the Commission of a Felony (under 11 *Del.C.* § 1447);[2] and (2) Assault in the Second Degree upon Adrian Taylor (under 11 *Del.C.* § 612)[3] and the related Possession of a Deadly Weapon

This conviction of Manslaughter was returned under Count I of the Information charging the defendant with Murder in the Second Degree in the following words:
"That is, he did shoot William Lee Stephens with a rifle, thereby causing his death."

**2.** 11 *Del.C.* § 1447 provides:
"§ 1447. Possession of a deadly weapon during commission of a felony; class B felony.
"(a) A person who is in possession of a deadly weapon during the commission of a felony is guilty of possession of a deadly weapon during commission of a felony.
"Possession of a deadly weapon during commission of a felony is a class B felony.
"(b) Notwithstanding § 4205 of this title, the minimum sentence for a violation of this section shall be not less than 5 years which minimum sentence shall not be subject to suspension and no person convicted for a violation of this section shall be eligible for parole or probation during such 5 years.
"(c) Any sentence imposed upon conviction for possession of a deadly weapon during the commission of a felony shall not run concurrently with any other sentence. In any instance where a person is convicted of a felony, together with a conviction for the possession of a deadly weapon during the commission of such felony, such person shall serve the sentence for the felony itself before beginning the sentence imposed for possession of a deadly weapon during such felony.
"(d) Every person charged under this section over the age of 16 years shall be tried as an adult, notwithstanding any contrary provision of statutes governing the Family Court or any other state law.
"(e) A person may be found guilty of violating this section notwithstanding that the felony for which he is convicted and during which he possessed the deadly weapon is a lesser included felony of the one originally charged."

**3.** 11 *Del.C.* § 612 provides in pertinent part:
"§ 612. Assault in the second degree; class C felony.
"A person is guilty of assault in the second degree when:
     *     *     *     *     *     *
"(2) He intentionally causes physical injury to another person by means of a deadly weapon or a dangerous instrument; or
"(3) He recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument; or  *  *  *."

During the Commission of a Felony (under § 1447). In sentencing, the Trial Judge merged the sentences for the felony–weapons offenses with the corresponding sentences for the underlying felonies.[4]

This conviction was returned upon Count III of the Information charging the defendant with Assault in the First Degree [11 *Del.C.* § 613(1): intentionally causing "serious physical injury to another person by means of a deadly weapon  *  *  *"] as follows:
"By means of a deadly weapon; namely shooting Adrian Taylor in the back with a rifle."

**4.** In imposing sentences upon the manslaughter (10 years imprisonment) and assault (2 years imprisonment) convictions, and upon the related felony–weapon convictions each carrying a minimum mandatory 5 year sentence of imprisonment, the sentencing Judge stated:
"If I had to look at this case in terms of the law as it would be applied without mandatory minimum sentences, I would treat this as a manslaughter case, the type of manslaughter that results from a triangle situation, a domestic dispute, and in most cases I would think that a term of imprisonment, given parole possibilities of ten years or fifteen years, would be a proper sentence. The weapons charges and mandatory minimums completely distorts that, so I have to deal with it in terms of that.
"I will say about the defendant, Mr. Evans, I find nothing in your conduct, your background, that would suggest that I would have to be sentencing you to these long prison terms, but I have no choice. The law tells me what I have to give you in this situation, and I am going to give you the minimum I can give you under all the circumstances. I recognize that the ten years mandatory minimum is equivalent to giving you thirty years which, I think, would not be justified under the facts of this case and under the jury's decision, but I have no discretion.
"I will say this: I am going to merge the weapons charges with each of the related charges, that is, as named in the indictment, possession of a deadly weapon during the commission of a felony,  *  *  * that felony is merged with the manslaughter, murder in the first degree in the indictment.  *  *  * The weapons charge in the indictment, is merged with the felony of assault first degree, found by the jury to be assault second degree.
"It is my belief that that is the only merger that I can make.  *  *  *."
The record also discloses that the prosecutor stated at the time of sentencing:
" *  *  * [I]t [*Simpson v. United States*, 435 U.S. 6 [98 S.Ct. 909, 55 L.Ed.2d 70] (1978)] leads me to believe that if Your Honor finds that a ten–year sentence should be imposed in this case, and you can do that, I

The panel of this Court affirmed. The defendant filed a Motion for Reargument, requesting this Court to remand the case for resentencing under *Davis v. State*, Del. Supr., 400 A.2d 292 (1979). At this point, the panel decided that the case should be scheduled for rehearing and determination by the Court en Banc under Rule 4(d).[5]

■ Before reaching the merits of the pending issues, it must be noted, upon this review of the situation below, that the Trial Court's merger of sentences was improper under the governing Statute. Prior to 1976, it was within the discretion of the sentencing Judge to merge the sentence imposed upon a felony–weapon conviction under § 1447 with the sentence imposed upon the conviction for the underlying felony. *Dobrolenski v. State*, Del.Supr., 328 A.2d 447 (1974); *State v. Honie*, Del.Supr., 310 A.2d 872 (1973). In 1976, however, the General Assembly added subsection (c) to § 1447 which states:

"Any sentence imposed upon conviction for possession of a deadly weapon during the commission of a felony shall not run concurrently with any other sentence. In any instance where a person is convicted of a felony, together with a conviction for the possession of a deadly weapon during the commission of such felony, such person shall serve the sentence for the felony itself before beginning the sentence imposed for possession of a deadly weapon during such felony."

This section was clearly a legislative reaction to *Honie* and *Dobrolenski* and prohibited discretionary merger of the sentence for a violation of § 1447 with the sentence for the underlying felony. Since the sentencing here took place in 1978, § 1447(c) is

clearly controlling and, therefore, the sentences were not properly merged.

Returning now to the issues before us: the defendant requested this Court to remand the case to the Superior Court for resentencing upon the underlying manslaughter and assault offenses rather than upon the felony–weapon offenses, invoking *Davis v. State*, Del.Supr., 400 A.2d 292 (1979). In that case it was held that dual convictions and consecutive sentences for Robbery (under 11 *Del.C.* § 832) and possession of a deadly–weapon during its commission (under § 1447) could not stand, and that the conviction and sentence in that case must fall. *Davis* had not been decided at the time of the filing of the defendant's opening brief in support of this appeal; and *Davis* was decided just a few weeks before the filing of the defendant's reply brief in which it received only brief treatment. Thus, the impact of the then very–recent *Davis* case received less initial attention by counsel in this case than otherwise would have been the situation.

In the interim, while the instant Motion for Reargument was still pending, *Hunter v. State*, Del.Supr., 420 A.2d 119 (1980) was decided, settling many of the questions raised herein.

Adopting the approaches, rationales, and conclusions established in *Hunter*, we come to the following conclusions:

## I.

First as to the convictions for Assault in the Second Degree upon Adrian Taylor and the related charge of Possession of a Deadly Weapon During the Commission of that Felony:

am hopeful that they will reverse you and sentence the man to five * * *."

5. Rule 4(d) provides:

"(d) *Rehearing by Court en Banc.* In the event a panel is unable to reach a unanimous decision in a case under submission, or in the event that there is a reasonable likelihood that a prior decision of the Court may be modified or overruled, the presiding Justice of the panel,

if not the Chief Justice, shall so notify the Chief Justice in writing; and the case shall thereupon be scheduled on a priority basis for rehearing and determination by the Court en Banc without further briefing unless ordered by the Court."

Accordingly, the *per curiam* opinion filed herein by the panel, dated September 12, 1979, is hereby withdrawn.

■ *Davis* is not applicable in this Assault case for the reasons stated in *Hunter.*[6] The Assault Statutes lack the legislative history and the built–in enhancement provision of the Robbery Statute, 11 *Del.C.* § 832, which was involved in *Davis.* In *Hunter*, this Court sitting en Banc stated:

"Moreover, unlike the Robbery Statute § 832(a)(2) in its relationship to § 1447 which arises out of the mere 'display' of a deadly weapon, by the three Assault Statutes the General Assembly seeks to enhance punishment more for the perpetrator's state of mind and the seriousness of the injury than for the possession of the deadly weapon used. The Assault in the Third Degree Statute [11 *Del.C.* § 611(2)] proscribes the infliction by means of a deadly weapon of physical injury with *criminal negligence*; violation § 612(2) is a misdemeanor. The Assault in the Second Degree Statute [11 *Del.C.* §§ 612(2) and (3)] proscribes the infliction by means of a deadly weapon of physical injury *intentionally*, or of serious physical injury *recklessly*; violation of *either* of these sections is a class C felony. Finally, the Assault in the First Degree Statute [11 *Del.C.* § 613(1)] proscribes the infliction by means of a deadly weapon of serious physical injury *intentionally*; violation of § 613(1) is a class B felony. There is no enhanced punishment by reason of the possession of a deadly weapon built into the Assault Statutes. Clearly, therefore, it cannot be said, as in *Davis* regarding § 832(a)(2), that the purpose and effect of § 613(1) is the same as § 1447."

420 A.2d at 123.

Accordingly, we hold that the *Davis* case is inapposite in the instant case and that, therefore, the § 1447 conviction and sentence here does not fall by reason of *Davis.*

■ Further applying the rationales and conclusions stated in *Hunter*, we hold in the instant Assault case: (1) that § 1447 creates an offense separate and distinct from the §§ 612(2) and (3) Assault offenses, the legislative intent being to subject this defendant to multiple penalties for the single criminal act against Adrian Taylor; (2) that applying to the evidence in the instant case the *"Blockburger*–like rule" adopted in *Hunter*,[7] multiple punishments for the "same offense" have been imposed herein because the § 1447 offense required proof of no fact not required by the §§ 612(2) or (3) offense; (3) that the defendant's constitutional guarantee against multiple punishment and double jeopardy having been violated, the cumulative sentences imposed by the Trial Court in the instant case for the assault upon Adrian Taylor, and the related felony–weapon offense may not stand; (4) that, nevertheless, both the Assault conviction and the Possession of a Deadly Weapon conviction may stand and are affirmed; (5) that, therefore, there must be a remand for resentencing, in the process of which the State shall have the election to proceed under either § 612 or § 1447, but not both.

## II.

The rationales and conclusions set out in *Hunter* provide the same results regarding the defendant's convictions for Manslaughter of William Lee Stephens and the related charge of Possession of a Deadly Weapon During the Commission of a Felony.

■ *Davis* is not applicable in this Manslaughter case. Like the Assault Statutes, the Manslaughter Statute lacks the legislative history and built–in enhancement provision of the Robbery Statute § 832, which was involved in *Davis.* Accordingly, it cannot be said, as in *Davis* regarding § 832(a)(2) [the Robbery Statute], that the

---

**6.** Although *Hunter* was an Assault in the First Degree case under 11 *Del.C.* § 613(1), it is indistinguishable on the law in this Second Degree Assault Case.

**7.** In *Hunter*, as here, the *Blockburger* rule was not needed as a rule of statutory construction (as *Whalen* has now defined it) to ascertain the

intent of the General Assembly regarding multiple punishment. A *"Blockburger*–like rule of substantive law" was adopted in *Hunter*, however, as an evidentiary formula "to determine when two sentences constitute punishment for the 'same offense' in violation of the principles of double jeopardy." (See 420 A.2d at 130).

purpose and effect of § 632(2) [the Manslaughter Statute] is the same as § 1447 [the Deadly Weapon Possession Statute].

We hold, therefore, that the *Davis* case is inapposite and that the § 1447 conviction and sentence in the instant Manslaughter case do not fall by reason of *Davis.*

 Again applying the principles, rationales, and conclusions announced in *Hunter,* we hold in the instant Manslaughter case: (1) that § 1447 creates an offense separate and distinct from the underlying § 632 felony of manslaughter, the legislative intent being to subject this defendant to multiple penalties for his single criminal act against William Lee Stephens; (2) that applying to the evidence in the instant case the *"Blockburger*-like rule" adopted in *Hunter,* multiple punishments for the "same offense" have been imposed because § 1447 required proof of no fact not required by § 632(1), (2), or (3); [8] (3) that the defendant's constitutional guarantee against multiple punishment and double jeopardy having been violated, the cumulative sentences imposed by the Trial Court in the instant case for the manslaughter of William Lee Stephens and the related felony–weapon may not stand; (4) that, nevertheless, both the Manslaughter and the Deadly Weapon Possession conviction arising therefrom may stand and are affirmed; (5) that, therefore, there must be a remand for resentencing, in the process of which the State shall have the election to proceed under either § 632(2) or § 1447, but not both.

Affirmed as to the convictions; but the sentences are set aside and the cause remanded for further proceedings consistent with this opinion.

QUILLEN, Justice, with whom McNEILLY, Justice, joins, concurring:

Having expressed my view in *Hunter v. State,* I find it unnecessary and undesirable to speak at any length in *Evans v. State.*

In my judgment, the result reached by the majority is not constitutionally required and does not pay sufficient deference to the legislative policy–making role. But I do note that, as applied prospectively, the broad constitutional rule fashioned by the Court provides sufficient flexibility for the orderly administration of justice. Moreover, if the General Assembly is dissatisfied with what the Court has done, the General Assembly can, consistent with the Court's opinions, change the statutory construction decision in *Davis* and, by the enactment for weapon possession of true enhancement provisions to the sections of the Criminal Code dealing with violent felonies, alter the result of the constitutional decisions in *Hunter* and *Evans.*

Solely on the basis of *stare decisis,* I concur in the judgment of the Court.

---

8. Because § 1447, in this case, requires that the State prove the existence of the underlying felony of manslaughter, every element of proof necessary to obtain a conviction for manslaughter is a necessary element of proof for a § 1447 conviction. Thus, for double jeopardy purposes, the offenses are manifestly "the same."