**Walter EVANS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted April 21, 1981.

Decided May 12, 1981.

Reargument Denied June 10, 1981.

---

**482**

Michael Weiss (argued), of Kimmel & Spiller, P.A., Wilmington, for defendant below, appellant.

Charles M. Oberly, III, Asst. State Pros., and Bartholomew J. Dalton, Deputy Atty. Gen. (argued), Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, and DUFFY, McNEILLY, QUILLEN and HORSEY, Justices, constituting the Court en Banc.

HERRMANN, Chief Justice:

This case is again before this Court after the prior judgment was vacated and the case remanded by the United States Supreme Court for "further consideration in light of *Albernaz v. United States*," —— U.S. ——, 101 S.Ct. 1137, 67 L.Ed.2d 275 (March 9, 1981); *Delaware v. Evans*, —— U.S. ——, 101 S.Ct. 1689, 68 L.Ed.2d 190 (1981). The prior opinion of this Court in this case appears at 420 A.2d 1186 (1980). As will be seen there, *Hunter v. State*, Del.Supr., 420 A.2d 119 (1980) was considered controlling.

Today, the *Hunter* rules upon the issue of double jeopardy have been found by this Court to be in conflict with the recent pronouncements of the United States Supreme Court in *Albernaz*. See *Hunter v. State*, Del.Supr., 430 A.2d·476 (1981).

The rule of *Albernaz* has been stated as follows:

"* * * [T]he question of what punishments are constitutionally permissible is not different from the question of what punishment the Legislative Branch intended to be imposed. Where Congress intended, as it did here, to impose multiple punishment, imposition of such sentences does not violate the Constitution."

101 S.Ct. at 1145 (footnote omitted).

In *Hunter*, as in the instant case, it was determined by this Court that the General Assembly intended to subject the defendant to multiple punishments for violation of 11 *Del.C.* § 1447 (possession of a deadly weapon during the commission of a felony) and for the underlying felony or felonies. Following *Albernaz*, we concluded in *Hunter* that the legislative intent was determinative upon the issue of double jeopardy; that it follows therefrom that the imposition of two consecutive sentences upon the defendant as the result of a single trial for the two offenses, not satisfying the *Blockburger* test, does not violate the Double Jeopardy Clause of the Fifth Amendment.

Accordingly, any statement contained in the previous opinion of this Court in the instant case, contrary to today's opinion in *Hunter*, is hereby abandoned.

\* \* \* \* \* \*

The judgment below now stands

AFFIRMED.