William L. FOUNTAIN, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted: April 19, 1982.
Decided: Aug. 31, 1982.

Arlen Mekler (argued), Wilmington, for appellant.

Richard J. McMahon, State Prosecutor (argued), Dept. of Justice, Wilmington, for appellee.

Before HERRMANN, C. J., McNEILLY and HORSEY, JJ.

HORSEY, Justice:

This is an appeal from Superior Court's denial of a Motion for postconviction relief under its Criminal Rule 35(a).

The issue raised by appellant is whether retroactive application of our decisions in *Evans v. State,* Del.Supr., 430 A.2d 481 (1981) *("Evans II")* and *Hunter v. State,* Del.Supr., 430 A.2d 476 (1981) *("Hunter II")*[1] increases his punishment, in violation of the *Ex Post Facto* Clause of the United States Constitution and the Due Process Clause of its Fourteenth Amendment. We hold that there is no constitutional violation and hereby affirm the Superior Court.

## I

In December 1979, pursuant to an agreement with the State, appellant pleaded *nolo contendere* to Assault in the First Degree, 11 *Del.C.* § 613(3), and Possession of a Deadly Weapon During the Commission of a Felony, 11 *Del.C.* § 1447.

On February 15, 1980, appellant received consecutive terms of imprisonment for the Assault offense (12 years, 9 to be suspended) and the Weapon offense (5 years).

Appellant docketed an appeal to this Court in March 1980, alleging, *inter alia,* that the imposition of separate sentences for both the Assault offense and the Weapon offense violated the Double Jeopardy Clause of the Fifth Amendment (No. 69, 1980).

In June 1980, this Court held in *Hunter v. State,* Del.Supr., 420 A.2d 119 (1980) *("Hunter I")* that Assault in the First Degree, 11 *Del.C.* § 613(1), and Possession of a Deadly Weapon During the Commission of a Felony, 11 *Del.C.* § 1447, constituted the "same offense" for double jeopardy purposes, applying *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Thus, while Hunter's convictions of the two statutory offenses were affirmed, the separate punishments for each conviction were reversed and the case was remanded for the State to elect as to sentencing under either the underlying felony or the weapon offense, but not both.

In September 1980, while Appeal No. 69 was still pending, this Court issued its decision in *Evans v. State,* Del.Supr., 420 A.2d 1186 (1980) *("Evans I")*. In *Evans I,* we extended the rule and rationale of *Hunter I* to consecutive sentences for convictions in one trial for both Manslaughter, 11 *Del.C.* § 632, and an accompanying Weapon offense under 11 *Del.C.* § 1447. In *Evans I,* as in *Hunter I,* the multiple convictions were affirmed, the consecutive sentences were stricken and the case was remanded for resentencing in accordance with *Hunter I.*

Thereafter, in or about September 1980, the State filed a Petition for writ of certiorari to the United States Supreme Court seeking review of both *Hunter I* and *Evans I.* The State also applied to this Court for a stay of all resentencings involving application of *Hunter I* or *Evans I,* pending determination of its writ of certiorari.

On November 6, 1980, the Chief Justice of this Court, with the approval of the Associate Justices, and pursuant to *Del. Const.,* Art. IV, § 13, entered an Administrative Order staying any resentence in any case in Superior Court, which would other-

---

1. *Evans II* and *Hunter II* hold that the imposition of multiple consecutive sentences does not violate the Double Jeopardy Clause of the United States Constitution.

wise be governed by the Opinions of this Court in *Hunter I and Evans I,* until further order of the Chief Justice or of the Supreme Court.

In March 1981, the United States Supreme Court vacated the judgments in *Hunter I* and *Evans I,* remanding both cases to this Court in light of *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). *Delaware v. Hunter,* 450 U.S. 991, 101 S.Ct. 1689, 68 L.Ed.2d 190 (1981); *Delaware v. Evans,* 450 U.S. 991, 101 S.Ct. 1689, 68 L.Ed.2d 190 (1981).

On May 12, 1981, this Court ruled in *Hunter v. State,* Del.Supr., 430 A.2d 476 (1981) *("Hunter II")* and *Evans v. State,* Del.Supr., 430 A.2d 481 (1981) *("Evans II")* that, in light of *Albernaz,* the multiple consecutive sentences originally imposed in these cases were not violative of the Double Jeopardy Clause of the Fifth Amendment. On the same day, this Court's Administrative Stay Order, first entered November 6, 1980 and thereafter extended through successive Orders through March 24, 1981, was rescinded by the Chief Justice.

By Order of June 18, 1981, this Court affirmed the judgment of Superior Court in Appeal No. 69. Therein, this Court stated, "[a]ppellant's consecutive sentences do not violate legislative intent or his constitutional right against Double Jeopardy" under *Hunter II.*

In July 1981, appellant filed in Superior Court a Motion for postconviction relief under Rule 35(a) which the Superior Court denied on October 7, 1981. The instant appeal followed.

## II

Appellant first argues that this Court's affirmance of the imposition of sentences for both the Assault offense and the Weapon offense amounted to retroactive application of *Hunter II* and *Evans II,* thus constituting an increase in punishment in violation of the *Ex Post Facto Clause.*

The contention fails because "... the constitutional prohibition: 'No state shall ... pass any bill of attainder, *ex post facto* law, or law impairing the obligation of contracts,' as its terms indicate, is directed against legislative action only, and does not reach erroneous or inconsistent decisions by the courts." *Frank v. Mangum,* 237 U.S. 309, 344, 35 S.Ct. 582, 594, 59 L.Ed. 969 (1914); *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798); *State v. Dickerson,* Del. Supr., 298 A.2d 761 (1972).

Appellant next contends that this Court's affirmance of imposition of multiple punishments under *Hunter II* and *Evans II* constitutes an "Ex Post Facto-like" violation of the Due Process Clause of the Fourteenth Amendment.

This Court has recognized that "... indirectly, via the Due Process Clause of the Fourteenth Amendment, the spirit of the *ex post facto* guaranty, and the resultant ban against the retrospective increase of punishment for a crime, is made to apply as a prohibition against judicial action having such effect." *State v. Dickerson, supra,* at 768. However, the due process guaranty which appellant relies on does not bar any retroactive increase in punishment but only an increase which deprives the offender of fair warning that his contemplated conduct would be punishable in a certain manner. *Bouie v. City of Columbia,* 378 U.S. 347, 351–5, 84 S.Ct. 1697, 1701–03, 12 L.Ed.2d 894 (1964).

Applying *Bouie,* appellant's sentencing does not violate due process. At time of entry of his plea, separate consecutive sentences for conviction of the crimes to which he pled constituted the prevailing practice as mandated by 11 *Del.C.* § 1447(c). Therefore, appellant cannot claim either (1) lack of fair warning of the consequence of his pleas to the Assault felony and the § 1447 Weapon offense; or (2) a later increase in punishment.

We also find no merit in appellant's alternate claim of unfairness amounting to denial of due process. The unfairness is said to arise from the assertion that appellant was somehow locked into the appellate judicial process in this Court, and was unable to free himself from it to seek postconviction relief in Superior Court during the brief

period of time between this Court's decision in *Evans I* (September 8, 1980) and this Court's Administrative Stay Order of November 6, 1980. The contention is fallacious because of the appeal-dismissal procedures available to the appellant. *See,* Supreme Court Rule 29.[2]

Defendant's related due process-fairness claim of being deprived of the benefits of "settled" Delaware law on double jeopardy in sentencing under *Hunter I* and *Evans I* must also be rejected. Since this Court's decisions in both cases were appealed in September 1980 by the State to the United States Supreme Court and both judgments were later "vacated" and the cases remanded for further consideration, Delaware law as to double jeopardy in sentencing did not become settled until the decisions by this Court in *Hunter II* and *Evans II*. Since the law of the case was clearly not settled as to Evans until *Evans II* was issued, appellant cannot claim that *Evans I* represented settled Delaware law.

There is also no merit in appellant's contention that the judicial process has subjected him to an increased sentence through "capricious fortuity." He refers to the fact that certain resentencings were carried out in Superior Court in reliance on *Hunter I* and *Evans I* in a limited number of cases that were not controlled by this Court's Administrative Stay Order. *See, Bailey v. State,* Del.Supr., 450 A.2d 891 (1982). In *Bailey,* the Court lost jurisdiction of the cause when the Mandate on its Order of September 29, 1980 was issued on October 17, 1980. Since no Motion to Stay the issuance of the Mandate was applied for and the Mandate was not recalled by this Court, *res judicata* consequences attached. Accordingly, in *Bailey,* the Administrative Stay Order of November 6, 1980, did not

govern. Such was not the situation in the instant case.

\*     \*     \*

Affirmed.

---

2. Rule 29 provides in pertinent part:
"(a) *Voluntary Dismissal.* At any time before filing of appellee's brief an appellant may dismiss his appeal voluntarily by serving a notice of dismissal upon the other parties to the appeal, by filing same with clerk and paying the costs ...
(b) *Involuntary Dismissal.* The Court may order an appeal dismissed, *sua sponte,* or upon a motion to dismiss by any party. Dismissal may be ordered for untimely filing of an appeal, for appealing an unappealable interlocutory order, for failure of a party diligently to prosecute the appeal, for failure to comply with any rule, statute or order of the Court or for any other reason deemed by the Court to be appropriate."