Francis C. MOYER, Jr., Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: Sept. 22, 1982.

Issued: Oct. 6, 1982.*

Decided: Nov. 12, 1982.

As Amended Nov. 16, 1982.

Howard F. Hillis, and David M. Lukoff, Asst. Public Defenders, Wilmington, for defendant below, appellant.

John A. Parkins, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C.J., McNEILLY and MOORE, JJ.

MOORE, Justice:

In this appeal, the defendant, Francis C. Moyer, Jr., seeks reversal of the Superior Court's denial of several motions made by him under Superior Court Criminal Rule 35.[1] Moyer contends that the court's fail-

---

* The decision of the Court was announced in an order dated October 6, 1982. This opinion is issued in conformity with that order to give precedential effect to the Court's ruling.

1. Criminal Rule 35 provides in pertinent part:
(a) Postconviction Remedy. Any person who has been sentenced by the Court may apply by motion for postconviction relief for any meritorious claim challenging the judgment of conviction including claims: (i) That the conviction was obtained or sentence im-

posed in violation of the Constitution and laws of this State or the United States; (ii) that the Court imposing the sentence was without jurisdiction to do so; or (iii) that the sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law. An application may be filed at any time, provided, however, that postconviction relief shall not be available so long as there is a possibility of taking a timely appeal from the judgment of conviction.

ure to resentence him under *Hunter v. State,* Del.Supr., 420 A.2d 119 (1980) and *Evans v. State,* Del.Supr., 420 A.2d 1186 (1980), violates the equal protection and due process clauses of the fourteenth amendment to the United States Constitution. We disagree and affirm the denial of Rule 35 relief.

## I.

Moyer was convicted in July 1978 of manslaughter (11 *Del.C.* § 632), first degree reckless endangering (11 *Del.C.* § 604), and possession of a deadly weapon during the commission of a felony (11 *Del.C.* § 1447). On October 16, 1980, Moyer filed a Rule 35 motion, seeking resentencing under *Hunter v. State,* Del.Supr., 420 A.2d 119 (1980) (*Hunter I*) and *Evans v. State,* Del.Supr., 420 A.2d 1186 (1980) (*Evans I*). Decision on this motion was stayed while the State sought and obtained review of *Hunter I* and *Evans I* in the Supreme Court of the United States. The motion was eventually denied on July 7, 1981, based on *Hunter v. State,* Del.Supr., 430 A.2d 476 (1981) (*Hunter II*) and *Evans v. State,* Del.Supr., 430 A.2d 481 (1981) (*Evans II*).

Moyer's next Rule 35 motion, filed on May 5, 1982, restated the *Hunter-Evans* issue but also contended that the Superior Court's failure to grant relief would violate the equal protection and due process clauses of the fourteenth amendment to the United States Constitution.[2] The motion was denied on May 7, 1982. A third motion, titled "Motion for Reconsideration", expanded on Moyer's equal protection claim, previously raised in the May 5th motion. This motion was dated May 18, 1982 and denied on May 24, 1982. The notice of appeal was filed on June 7, 1982 and stated that Moyer appeals from the denial of all three motions.

Unless the motion and the files and records of the case show to the satisfaction of the Court that the applicant is not entitled to relief, the Court shall cause notice thereof to be served on the Attorney General, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the Court finds the applicant is entitled to relief, the Court may set aside the judgment, release the applicant from custody, resentence the applicant, grant the applicant a

## II.

### A.

In his opening brief, Moyer argues that the equal protection and due process clauses of the fourteenth amendment and the *ex post facto* clause of article I, section 10 of the Constitution require that he be resentenced according to *Hunter I* and *Evans I.* The State first argues that the appeal from the July 1981 order is untimely and thus seeks dismissal of that part of the appeal. The State further contends that the issues now raised on appeal were not presented to the Superior Court in the May 1982 motions because that court refused to consider the resentencing issue after its July 1981 order. Thus, the State concludes, this Court has no jurisdiction over the appeal from the May 1982 judgments.

■ We are satisfied that the State is correct as to Moyer's appeal from the July 1981 order. Supreme Court Rule 6 requires that the notice of appeal must "be filed in the office of the Clerk of this Court within 30 days after entry of the judgment or order from which the appeal is taken." The notice of appeal from the July 1981 order was clearly filed beyond the time allowed in Rule 6. Therefore, we dismiss the appeal from the July 1981 order. Supr.Ct.R. 29(b).

■ However, we do not agree with the State's analysis regarding the May 1982 motions. Moyer's October 1980 motion, by its reliance on *Hunter I* and *Evans I,* can be fairly read as asking for resentencing only because of the double jeopardy issue raised in those two cases. Therefore, the July 1981 order denying relief on the basis of

new trial, or otherwise correct the judgment of conviction as may appear appropriate. The Court need not entertain a second motion or successive motions for similar relief on behalf of the same applicant.

2. The motion also included claims about the effect of a preliminary hearing and the application of *Bailey v. State,* Del.Supr., 450 A.2d 891 (1982) to Moyer's case. These claims are not before us.

*Hunter II* and *Evans II* must be interpreted as deciding Moyer's claim only on double jeopardy grounds. The motions filed in May 1982, however, raise equal protection and due process claims not reached in the July 1981 decision.[3] The issues raised in those two motions are identical to those now before us, and Supreme Court Rule 8, preventing a party from attacking a judgment on a theory which was not advanced below, is certainly inapplicable. Moyer's motions were denied on May 7 and 24, 1982, and the notice of appeal from those decisions was filed in a timely fashion on June 7, 1982. Supr.Ct.R. 6. Therefore, we refuse to dismiss the appeal from the May 1982 judgments and proceed to consider it on the merits.

### B.

■ The State moves to affirm the Superior Court judgments of May 7 and 24, 1982 on the grounds that the issues are governed by well-settled Delaware law. Supr.Ct.R. 25(a). Moyer's *ex post facto* claim and attendant due process claim [*see, e.g., Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964)] have been decided by this Court in its recent decision in *Fountain v. State*, Del.Supr., 450 A.2d 385 (1982). On the basis of *Fountain*, we reject the *ex post facto*—due process claim presented by Moyer.

■ With respect to Moyer's equal protection claim, the State moves to affirm the Superior Court judgments contending that the issue is governed by *Beck v. Washington*, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962). As *Beck* makes clear, the equal protection clause does not require uniformity of judicial decisions. Even if such a right existed, Moyer's claim at most constitutes one that state law was misapplied.

However, misapplication is not invidious discrimination. *See* 16A Am.Jur.2d, *Constitutional Law*, § 798 (1979).

Moyer cites no Delaware authority that requires resentencing in all such cases. Instead, resentencing is done on an individual basis after a prisoner moves for relief under Rule 35. Furthermore, after *Hunter II* and *Evans II*, no prisoner had a right to be resentenced, but even if such a right existed, there was a rational basis for not resentencing Moyer in 1980 or 1981. This Court issued a stay on November 6, 1980 of all sentencing and resentencing proceedings potentially subject to *Hunter I* and *Evans I*.[4] After that date, Moyer's original request for resentencing fell within the stay.[5] The instances of resentencing that Moyer cites can be factually distinguished, if only because most, if not all, of those cases occurred prior to this Court's stay of November 1980. We therefore hold that Moyer has not raised an equal protection claim. It follows that the State's motion to affirm the Superior Court's judgments of May 7 and 24, 1982 is granted in its entirety.

\* \* \*

DISMISSED IN PART, AFFIRMED IN PART.

---

3. In this case, Moyer can not be held to have waived those claims by not raising them in October 1980 since Rule 35(a) allows successive motions for relief.

4. The stay was renewed on December 29, 1980; January 20, 1981; February 25, 1981; and March 24, 1981.

5. Moyer does not contend and we do not conclude that the trial judge's failure to act on the motion before November 6, 1980 was either an abuse of discretion or intentional discrimination. *See generally, e.g., Mobile v. Bolden,* 446 U.S. 55, 100 S.Ct. 1519, 64 L.Ed.2d 47 (1980); *Arlington Heights v. Metropolitan Housing Corp.,* 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); *Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976).