# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 9510013360 |
| | ) | |
| | ) | |
| DESI R. SYKES, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 14, 2017
Decided: September 15, 2017

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT (i) DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED; (ii) THE MOTION TO WITHDRAW AS COUNSEL FOR PETITIONER SHOULD BE GRANTED; AND (iii) DEFENDANT'S MOTION TO PROCEED *PRO SE* SHOULD BE GRANTED

James K. McCloskey, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Patrick J. Collins, Collins & Associates, Wilmington, Delaware, counsel for Desi Sykes.

Desi Sykes, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE, *pro se*

**MAYER,** Commissioner

This 14th day of September, 2017, upon consideration of Defendant's Motion for Postconviction Relief, the Motion to Withdraw as Counsel for Petitioner, the Defendant's Motion to Proceed *Pro Se*, and the record in this matter, the following is my Report and Recommendation.

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

Desi Sykes ("Defendant") plead guilty on February 26, 1996 to charges of Attempted Murder, four counts of Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"), Assault in a Detention Facility, Possession of a Deadly Weapon by a Person Prohibited and Promoting Prison Contraband (the "1995 Case"). All of the charges stem from an incident that occurred on November 1, 1995, when Defendant assaulted a correctional officer with a metal horseshoe and stabbed him multiple times with an improvised knife. At the time, Defendant was incarcerated and serving a sentence for a previous conviction. Specifically, in 1989 a jury found Defendant guilty of Murder in the First Degree, PDWDCF and Assault in the Third Degree (the "1988 Case"). Defendant was sentenced in the 1995 Case to serve a term of his natural life at Level V, plus 106 years of incarceration. Notably, the Court intentionally ordered that Defendant's sentence in the 1988 Case was to be interrupted such that the sentence in the 1995 Case would be served first.[1]

---

[1] In June of 2014, the sentence in the 1988 Case was modified to 35 years of unsuspended Level V time, effective October 13, 1988. However, since that sentence was interrupted by the 1995 Case, Defendant is obligated to serve an

Defendant filed his *pro se* Motion for Postconviction Relief on December 1, 2014.[2] Counsel was subsequently appointed, and briefing is now complete. The record includes Defendant's original Motion, appointed counsel's Motion to Withdraw as Counsel with accompanying Brief and Appendix, trial counsel's Affidavit, the State of Delaware's Response to the Motion, Defendant's Motion to Amend, and Defendant's Reply in support.[3] I have considered the arguments presented in the submissions and based upon the record, Defendant's Motion should be denied.

## CONCLUSIONS OF LAW

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the Motion.[4] It is evident here that Defendant's Motion is procedurally barred as untimely. Superior Court Criminal Rule 61(i)(1) imposes the condition that a motion for postconviction relief may not be filed more than one year after the judgment of conviction is final, or, if it asserts a retroactively applicable right that is newly recognized after the judgment of

---

additional approximately 28 years for the 1988 Case after completing the term for the 1995 Case.

[2]  D.I. # 15.

[3]  *See* D.I. #s 30, 31, 33, 34, 40, 42.

[4]  *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

2

conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.[5] On February 26, 1996, Defendant was sentenced and his conviction became final 30 days thereafter.[6] Defendant's Motion, having been filed more than eighteen (18) years later, is significantly beyond the allowable time under Rule 61.

In an attempt to avoid the time bar, Defendant argues that his motion is timely because the *Rambo*[7] decision was not previously available. To the extent Defendant argues that this decision created a newly recognized right, he was required to submit the argument within one year after the decision was issued. Defendant's Motion was filed almost seven (7) years later. Therefore, this argument does not excuse the untimely filing in this matter.[8]

---

[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (affirming dismissal of motion for postconviction relief as untimely).

[6] *See* Super. Ct. Crim. R. 61(m)(1). A judgment is final for the purpose of this rule within 30 days after the Superior Court imposes sentence if the defendant has not filed a direct appeal. Defendant did not file a direct appeal.

[7] *See Rambo v. State*, 939 A.2d 1275 (Del. 2007) (hereinafter "*Rambo*").

[8] Defendant's postconviction counsel also attempts to argue timeliness by proposing that the Court look to the date that Defendant was re-sentenced on the 1988 Case because "[p]rior to that, his claims on the 1995 case would have been pointless, as he was serving life anyway on the 1988 case." Although counsel references Rule 61(i)(5) for this proposition, no legal authority is cited nor is there any basis within the rule to disregard the time limitation simply because a timely filing may have been "pointless".

There are certain exceptions to the procedural bars. The bars to relief in Rule 61(i)(1), (3) and (4) will not apply to a claim that the court lacked jurisdiction, to a claim that pleads with particularity that new evidence exists creating a strong presumption of actual innocence, or an argument that a new rule of constitutional law made retroactive to the case renders the conviction invalid.[9] Defendant has not pled any new evidence or facts demonstrating an inference that he is innocent of the acts giving rise to the conviction, nor has there been a new rule of constitutional law issued rendering his conviction invalid.

The numerous arguments throughout Defendant's papers, many of which are difficult to decipher, may also be dismissed as meritless and/or subject to other procedural bars. Defendant's argument that the sentencing judge abused his discretion or committed plain error by failing to explain the consequences of the guilty plea, is not only procedurally barred under Rule 61(i)(3) for Defendant's failure to have raised it in the proceedings leading to the judgment of conviction, but is also simply untrue. During the plea colloquy, the judge clearly explained that by pleading guilty, a range of penalties could be imposed including a sentence of life plus 106 years.[10]

---

[9] *See* Super. Ct. Crim. R. 61(i)(5) and Super. Ct. Crim. R. 61(d)(2)(i)-(ii).

[10] Appendix at A80.

Next, Defendant argues that his plea violated the Double Jeopardy Clause because he was sentenced to multiple offenses of PDWDCF in violation of the Constitutional protection from successive prosecution from multiple charges. However, Delaware law is well settled on this issue and the imposition of multiple sentences upon a defendant for offenses arising out of a single criminal act does not violate the Double Jeopardy Clause of the Fifth Amendment.[11] Defendant cites no new rule of constitutional law that changes this analysis.

Defendant also raises several claims that collectively assert that trial counsel was ineffective. Essentially, Defendant argues (i) trial counsel was ineffective during the plea stage for failing to take into consideration his state of mind at the time and that there was some type of "heated exchange" with the sentencing judge that compelled him to accept the plea; and (ii) trial counsel was ineffective for failing to investigate and develop mitigating evidence that would have supported his case during the sentencing phase.

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and that but for the errors, there is a reasonable probability that the

---

[11] *See Hunter v. State*, 430 A.2d 476 (Del. 1981); *Evans v. State*, 430 A.2d 481 (Del. 1981).

outcome of the proceedings would have been different.[12] Defendant must overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[13] Defendant must also show that any alleged errors were so serious that his counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.[14]

Having reviewed the record in this matter, there is no evidence of a "heated exchange" having taken place with the sentencing judge. The record though does reflect trial counsel's thorough review of Defendant's mental state.[15] Trial counsel also obtained an agreement with the State to have Defendant's mental state further evaluated, and if the examination demonstrated Defendant's plea was not knowing, intelligent and voluntary, the State would not oppose the withdrawal of the plea and for the matter to be set for further proceedings consistent with the evaluation. That evaluation was completed and Defendant was found competent to stand trial and assist his attorney.[16] The Director of Forensic Services determined that Defendant

---

[12] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[13] *State v. Wright*, 653 A.2d 288, 293-94 (Del. Super., 1994) (citations omitted).

[14] *State v. Finn*, 2012 WL 1980566, at *4 (Del. Super., May 23, 2012).

[15] Appendix at A75-A78.

[16] D.I. # 11.

6

"understands the court proceedings and understands the charges against him." The Court was also aided by Defendant's pre-sentence file during sentencing.[17] Trial counsel did investigate Defendant's mental state and history and recommended Defendant proceed to trial rather than plead guilty. In light of the above, Defendant has failed to meet the heavy burden necessary to establish an error by trial counsel. Rather, trial counsel's conduct was well within the objective standard of reasonableness.

Finally, Defendant places significant emphasis on the *Rambo* decision and argues that the Court could not accept his guilty plea to Attempted Murder First Degree based on this decision, that the Indictment failed to provide sufficient notice, and he lacked the necessary "intent" to support the conviction.

"A voluntary guilty plea constitutes a waiver of any alleged defects or errors occurring before the entry of the plea."[18] Moreover, a defendant's statements to the Court during the guilty plea colloquy are presumed to be truthful and Defendant here

---

[17] D.I. # 7 and Appendix at A88. Defendant's reliance on the psychiatric evaluation from 2014 is misplaced. That report was intended to address the sentencing of a juvenile offender. At the time of the 1995 Case, Defendant was no longer a juvenile.

[18] *Ways v. State* 2013 WL 5569198, at *1 (Del. Oct. 7, 2013) (citing *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003).

is bound by his statements to the Court.[19] Although Defendant argues that he lacked the necessary intent to kill the victim in the 1995 Case, Defendant is barred from making this claim at this late juncture. The Indictment clearly indicated that the State accused Defendant of intentionally attempting to cause the death of the victim by striking him with a metal horseshoe and stabbing him with a knife which was a substantial step in a course of conduct planned to culminate in the commission of Murder in the First Degree.[20] Defendant acknowledged at the plea colloquy that he committed the offenses as alleged, that he read the Truth-in-Sentencing Guilty-Plea form, that he waived his right to a trial and to contest the State's evidence and that he was not forced to plead guilty.[21] In fact, Defendant disregarded trial counsel's advice to proceed to trial rather than plead guilty.[22]

A person may be found to have attempted to engage in a crime if the person "[i]ntentionally does ...anything which, under the circumstances as the person believes them to be, is a substantial step in a course of conduct planned to culminate

---

[19] *See also, Brown v. State*, 108 A.3d 1201 (Del. 2015) (affirming denial of request for new trial on the basis that defendant pled guilty and gave up his right to trial and contest evidence).

[20] D.I. # 122.

[21] Appendix at A78-A82 and D.I. # 6.

[22] Appendix at A70-A71.

8

in the commission of the crime by the person."[23] The victim here was bludgeoned in the head with a metal horseshoe and then stabbed multiple times with an improvised knife. Defendant confessed to attacking, striking and stabbing the victim.[24] Coupled with Defendant's guilty plea, there is ample support in the record for the conviction of Attempted Murder First Degree. Defendant has failed to offer clear and convincing evidence that his statements were not made voluntarily, knowingly, and intelligently.[25] Defendant has provided no basis to deviate from the Court's decision to accept the plea and has offered no facts or circumstances to support coercion.[26]

Defendant also misinterprets the *Rambo* decision. In *Rambo*, the Delaware Supreme Court held that the Family Court erred when it found a juvenile delinquent of attempted murder because the Family Court recognized that there was no proof of intent and applied the standard applicable to "attempted felony murder" which is

---

[23]  11 Del. C. §531(2).

[24]  Appendix at A55.

[25]  *State v. Brown*, 2010 WL 8250799, at *3 (Del. Super., Apr. 14, 2010), citing, *Somerville v. State*, 703 A.2d 629 (Del. 1997).

[26]  *Windsor v. State*, 2015 WL 5679751, at *3 (Del., Sept. 25, 2015) (holding that absent clear and convincing evidence to the contrary, defendant is bound by his sworn statements).

9

not a crime in Delaware.[27] The court in *Rambo* did not rule that there was no crime of "Attempted Murder." Furthermore, this decision is inapplicable to Defendant because the Court in this matter did not adjudge Defendant guilty after applying a "felony murder" standard. Rather, Defendant was convicted after admitting guilt to the charges presented.

## Motion to Withdraw as Counsel

Counsel submits that after a thorough analysis of the record, he has determined that the claims asserted by Defendant lack merit and cannot be ethically advocated. Counsel also sought out any potentially meritorious grounds for relief but came to the conclusion that nothing further would assist Defendant with postconviction relief. Counsel provided Defendant with an opportunity to supplement the record, and Defendant submitted a Motion to Amend presenting additional arguments, as well as a Reply to the State's Response.[28] I am satisfied that Counsel has made a conscientious examination of the record and the law for arguable claims.[29] As such, the Motion to Withdraw should be granted.

---

[27] *Rambo*, 939 A.2d at 1280.

[28] Defendant also submitted a letter to the Court indicating he had no objection to Counsel's withdrawal. D.I. # 32.

[29] *See Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

## Defendant's Motion to Proceed *Pro Se*

On April 5, 2017, Defendant filed a Motion to Proceed *Pro Se* Pursuant to Superior Court Criminal Rule 47.[30] Defendant's motion asserts that the relationship with Counsel is irrevocably broken and then proceeds to argue the merits of his postconviction claims. Defendant "seeks to represent himself in these proceeding with the court deciding his actual innocence claim under Rambo…" This Report and Recommendation has taken into consideration all of the discernable claims presented by Defendant in his *pro se* filings, including the *Rambo* decision. Therefore, the Motion to Proceed *Pro Se* should be granted but deemed moot.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED, the Motion to Withdraw should be GRANTED and the Motion to Proceed *Pro Se* should be GRANTED but deemed MOOT.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc: Prothonotary
cc: James K. McCloskey, Esquire
Patrick J. Collins, Esquire
Desi Sykes

---

[30] D.I. #39.