# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                                   )

        v.                    )     I.D.:  2205006011
                                   )              2205008730

DERRIS LLOYD,          )
                                   )

     Defendant.      )

Submitted: August 7, 2025
Decided: August 19, 2025

## ORDER

1.     Derris Lloyd has moved for correction of an illegal sentence under Rule 35(a).  He pled guilty to Murder, Second Degree, Possession of a Firearm During Commission of a Felony (PFDCF) and Robbery First Degree.  He was sentenced in June 2025 and now claims that he could not be sentenced to consecutive terms for the murder and PFDCF.

2.     The underlying crimes to which he pled guilty are not terribly germane to his motion, but briefly, Lloyd carjacked an occupied vehicle and, when the driver surrendered the car, Lloyd shot him dead for no reason whatsoever.  He was not caught until about a week later when he held up a pedestrian at gunpoint and demanded his car keys with a view to taking his car as well.  After pleading guilty

1

in a colloquy that he does not attack, he says "it was error for the trial court to impose separate sentences the murder second degree and the weapons offense convictions."

3. Lloyd believes there is support for his argument in *Evans v. State*,[1] *Davis v. State*[2] and *Hunter v. State*,[3] all of which, he says, stand for the proposition that defendants cannot be sentenced for violent felonies and possession of the weapons used to commit the violence. He says doing so violates double jeopardy.

4. Without quibbling with Mr. Lloyd's case synopses of these decisions, they are at odds with the U.S. Supreme Court's interpretations of double jeopardy in *Albernaz*,[4] *Hunter*[5] and *Blockburger*,[6] a fact that was recognized by the Delaware Supreme Court in *LeCompte v. State*.[7] *LeCompte* ruled, in a decision that remains the law of Delaware, that sentencing for violent felonies and the separate convictions for the weapons used to perpetrate them do not violate double jeopardy. Indeed, the *LeCompte* Court recognized that the U.S. Supreme Court had effectively overruled the previous holdings of the Delaware Supreme Court in *Evans, Davis* and *Hunter* relied on by the Defendant here.

---

[1] 420 A.2d 1186 (De. 1980).
[2] 400 A.2d 292 (De. 1979).
[3] 420 A.2d 119 (De. 1980).
[4] *Albernaz v. United States,* 450 U.S. 333 (1981).
[5] *Missouri v. Hunter*, 459 U.S. 359 (1983).
[6] *Blockburger v. United States*, 284 U.S. 299 (1932).
[7] 538 A.2d 1102 (De. 1986).

Defendant's motion under Rule 35(a) is **DENIED.**

**IT IS SO ORDERED.**

**/s/ Charles E. Butler**
Charles E. Butler, Resident Judge

cc:    Prothonotary
       Ipek Kurul, Deputy Attorney General
       William Leonard, Deputy Attorney General
       Patrick Collins, Esquire
       Derris Lloyd (00857110)